**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

MEL BOYD,

       Plaintiff,

vs.                               Case No.  3:24-cv-890-MMH-LLL

PREMIER OUTDOOR USA, LLC,

       Defendant.

_____/

## O R D E R

    **THIS CAUSE** is before the Court <u>sua</u> <u>sponte</u>.  Plaintiff initiated the instant action on August 28, 2024, by filing an eight -count Complaint premised primarily on race discrimination and retaliation.  <u>See</u> Complaint and Demand for Jury Trial (Doc. 1).  Upon review, the Court finds that the Complaint constitutes an impermissible "shotgun pleading."  In <u>Weiland v. Palm Beach Cnty. Sheriff's Office</u>, 792 F.3d 1313 (11th Cir. 2015), the Eleventh Circuit identified four types of "shotgun" pleadings.  <u>See</u> <u>id.</u> at 1321–23.  As relevant here, one such type of improper pleading occurs where the drafter "commits the sin of not separating into a different count each cause of action or claim for relief."  <u>Id.</u> at 1322–23 n.13 (collecting cases).  Indeed, Rule 10(b), Federal Rules of Civil Procedure (Rule(s)) requires that: "[i]f doing so would promote clarity,

each claim founded on a separate transaction or occurrence . . . must be stated in a separate count or defense."  Rule 10(b); <u>see also</u> <u>Anderson v. Dist. Bd. of Trs. of Central Fla. Cmty. College</u>, 77 F.3d 364, 366 (11th Cir. 1996) (explaining that a properly drawn complaint "will present each claim for relief in a separate count, as required by Rule 10(b), and with such clarity and precision that the defendant will be able to discern what the plaintiff is claiming and to frame a responsive pleading" (footnote omitted)).

Here, Plaintiff sets forth claims for racial discrimination in Counts I, II, and III.  However, upon review, the race discrimination claims in these Counts appear to include two distinct theories of relief, one premised on an adverse employment action and the other on a hostile work environment.  <u>See</u> Complaint ¶¶ 42-44, 49-50, 56-57.  Counts IV, V, and VI similarly appear to combine allegations of retaliation and retaliatory hostile work environment. <u>See</u> <u>id.</u> ¶¶ 62, 67, 72. Notably, in closely analogous circumstances, the Eleventh Circuit has found this manner of pleading to be improper.  <u>See</u> <u>Palmer v. Albertson's LLC</u>, 418 F. App'x 885, 889 (11th Cir. 2011) (rejecting plaintiff's argument that he had adequately alleged a hostile work environment claim where the complaint contained only two counts—disability discrimination and retaliation).  Accordingly, the Court will strike the Complaint and direct Plaintiff to file a corrected complaint that sets forth each of his claims for relief in a separate count. <u>See</u> <u>Anderson</u>, 77 F.3d at 367 n.5 (noting that when faced

with a shotgun pleading the district court should <u>sua</u> <u>sponte</u> strike the pleading and direct the plaintiff to file a more definite statement).  Thus, if Plaintiff intends to assert discriminatory or retaliatory hostile work environment claims, he must set forth those claims in separate counts and identify the specific factual allegations on which each claim is based.  <u>See</u> <u>Palmer</u>, 418 F. App'x at 899–90 (finding that the mere use of the words "harassed" and "hostile" in a discrimination claim "neither stated a plausible claim for relief nor provided [defendant] with sufficient notice to defend against a harassment or hostile work environment claim").  Accordingly, it is

**ORDERED:**

1.    The Complaint and Demand for Jury Trial (Doc. 1) is **STRICKEN**.

2.    Plaintiff shall file a corrected complaint[1] consistent with the directives of this Order on or before **September 20, 2024**.  Failure to do so may result in a dismissal of this action.

---

[1] The filing of the corrected complaint does not affect any right Plaintiff may have to amend as a matter of course pursuant to Rule 15(a)(1).

3. Defendant shall respond to the corrected complaint in accordance with the requirements of Rule 15 of the Federal Rules of Civil Procedure.

**DONE AND ORDERED** in Jacksonville, Florida, on August 30, 2024.

**MARCIA MORALES HOWARD**
United States District Judge

lc11
Copies to:

Counsel of Record
Pro Se Parties